UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GERALD BUSHNELL ET AL** | **CASE NO. 2:17-CV-01146** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ARNOLD NATALI ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Plaintiff's Motion for Attorney's Fees and Costs" (Doc. 57) wherein the prevailing Plaintiffs in this action, Gerald Bushnell and Delores Bushnell,[1] move for an award of attorney's fees and costs associated with prosecuting the case pursuant to 42 U.S.C.A. § 3613(c)(2).

On July 7, 2019, the undersigned adopted the Report and Recommendation of the Magistrate Judge granting Plaintiffs' judgment as a matter of law on their claim of intentional discrimination and Plaintiffs' entitlement to declaratory and injunctive relief. The Court further directed Plaintiffs to submit a motion and memorandum on their entitlement to attorney fees as the prevailing Plaintiffs.

Plaintiffs have filed their motion for attorney fees accompanied with a detailed billing statement and authenticating declarations. Defendants have filed their opposition to Plaintiffs' motion for attorney fees; the matter is ripe for consideration.

Using the Lodestar method, Plaintiffs are seeking a total of $59,414.00 in attorney fees plus costs. Plaintiffs remark that they are only seeking the hours associated with the

---

[1] Plaintiffs brought this suit pursuant to the Fair Housing Act.

litigation and have eliminated some time entries that involved supervisory or clerical tasks. Defendants argue that the amount requested by Plaintiffs is unreasonable because the Court's involvement in this matter was limited. Even though they do not dispute the law cited and relied upon by Plaintiffs, Defendants assert that there was only one discovery motion involved and cross-motions for summary judgment to bring this case to a close.

The "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424 (1983). There is a "strong" presumption that the Lodestar calculation produces a reasonable fee. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010). Plaintiffs have the burden of establishing reasonableness by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 760 (5th Cir. 1996). Once a party submits time records, the burden then shifts to the opposing party to point out which entries it contests, explain why each is not reasonable in sufficient detail to allow the prevailing party the opportunity to respond, and propose a more reasonable amount. See *Bell v. United Princeton Props, Inc.,* 884 F.2d 713, 720 (3rd Cir. 1989) ("... the adverse party's submission cannot merely allege in general terms that the time spent was excessive.").

Defendants argue that the requested attorney fees (almost $60,000) are unreasonable because this matter involved only three (3) depositions and a single motion for summary judgment. Defendants remark that Plaintiff's attorneys, Melanie Ann Bray, and Ronald

Kenneth Lospennato, of the Advocacy Center, do not charge for their services.[2] Defendants analyze the attorney fees based on *State v. Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 (La. 1992) factors. Plaintiffs' counsel remarks that it would be improper to analyze the reasonableness of the attorney fees based on a state law case because this case is a matter of federal law, not state. The Court agrees but notes the following with regard to the amount of work involved, the complexity of the case, and the ultimate outcome: (1) Plaintiff prevailed but was offered other housing at the outset of the case, (2) defense counsel (the Advocacy Center) work for a non-profit organization that does nothing but represent clients under the Fair Housing Act; this case was not unique or special, (3) Plaintiff's success in the case allowed him to continue living in the same dwelling which is not a novel or extraordinary outcome, (4) there was no monetary recovery, (5) the extent of work involved only three (3) depositions, 11 pages of discovery, and responding to a motion for summary judgment, (6) as to legal knowledge, attainment and skill, Plaintiff's counsel did a good job, however, their purpose is to assist and educate the public, (7) Plaintiffs were not required to make any appearances because the case was adjudicated pursuant to a motion for summary judgment, (8) the case was not complicated, and finally, (9) the Court's involvement was limited.

Plaintiffs' counsel remark that after conducting discovery,[3] which included deposing three (3) defendants, it filed a motion for extension of time to file dispositive

---

[2] Defendants provide the Court the Advocacy Center's website which states that its services are rendered without a fee.
[3] Discovery required Plaintiffs to file one (1) motion to compel which the Magistrate Judge granted without an award of attorney fees. See Docs. 20, 22, and 30.

3

motions, responded to a motion to dismiss which was not granted, and filed a motion for summary judgment which resulted in a report and recommendation in their favor. Subsequently, Defendants' opposed the report and recommendation which required Plaintiffs to file a reply. The Court adopted the report and recommendation which resulted in a judgment in favor of Plaintiffs.

Ms. Bray[4] billed 252.4 hours at an hourly rate of $160 per hour for a Lodestar total amount of $46,694 and Mr. Lospennato[5] billed 69.2 hours at an hourly rate of $275 for a Lodestar total amount of $19,030. The Court has reviewed Plaintiff's detailed summary of hours billed. The Court finds that the hourly rates are reasonable based upon the years of experience of the respective counsel and the prevailing rate in this geographical area.

However, the Court has again reviewed the record and agrees with Defendants that this matter was not complicated, it was resolved without any hearing, with limited motion practice, and limited Court involvement. The Court also takes into consideration that the Advocacy Center deals with this type of lawsuit daily, and it was not a complex or complicated matter. And finally, the Court notes that the Advocacy Center provided its services to Plaintiffs without charge. Accordingly, the Court will reduce the Plaintiffs hourly billings by 50% ($29,707)[6] and also award Plaintiffs the costs of deposing the defendants ($872) for a total award of $30,579.

---

[4] Ms. Bray has two (2) years of experience.
[5] Mr. Lospennato has 40 years experience.
[6] $59,414 X .50 = $29,707

4

## CONCLUSION

For the reasons set forth above, the Court will award attorney fees and costs in the total amount of $30,579.

**THUS DONE AND SIGNED** in Lake Charles, Louisiana on this 21 day of August, 2019.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**